UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: **Steven O. Noyes**                                        **Case No.**

                                                                 Chapter 13

Debtor's Counsel: Steve R. Conley                                Section ___

## CHAPTER 13 PLAN

Original  **X**     (1st, 2nd,...) Amended Plan filed : ____(1st, 2nd,...) Modified Plan filed: ____

1.       Payment and length of plan: The future earnings and other future income of Debtor is submitted to the supervision and control of Trustee.  The Debtor shall pay **$2,609.00** per month beginning one month after the petition date, such that the first payment will be due on the same day of the month as the day the petition was filed but for the month following the filing and continuing monthly thereafter for **59** months, **for a total of 60 months.**

          Other payments to Trustee:  Debtor shall file both Federal and State Income tax returns timely.  Debtor shall provide a copy of same to Trustee immediately after filing.  All Federal and State Income Tax Refunds due for all years during this plan's effect are disposable income and will be turned over to Trustee as an additional distribution to creditors. Debtor is allowed to retain the Earned Income Credit (EIC) portion of any refund.

          The nonexempt proceeds of any lawsuit or unliquidated claim held by Debtor as of the date of filing or accruing during the term of this plan must be turned over to Trustee and shall constitute an additional distribution to creditors.

          The proceeds of any refinancing or the sale of nonexempt property owned by Debtor or acquired during the term of this plan must be turned over to Trustee for administration and after approval and order of the Court.

2.       Disposable Income:  Debtor is **above** the means.

          Debtor's disposable income as reflected on Schedule B22C, after adjustment as set forth on the reconciliation report filed with this plan, is **$3,662.00** per month.

          Debtor alleges that present disposable income as reflected on Schedule J is **$3,562.84** (after adjustment for any expenses payable through Trustee or for surrendered property). Disposable income includes contributions of $0 per month.

3.       Liquidation analysis:  The present value of property available to pay nonpriority, unsecured creditor interests should a liquidation be ordered is **$2,854.49** (Attach completed liquidation analysis).  The future value of this sum over the life of the plan is **$3,311.20** assuming an interest rate of 1.16 %.

Case 15-12196   Doc 12   Filed 08/28/15   Entered 08/28/15 07:47:39   Main Document
Page 2 of 4

4.      From the payments received under the plan Trustee shall make disbursements as follows:
a. Payment of administrative expenses until satisfied in full:
   (1)  Filing Fee (unpaid portion): $
   (2)  Trustee's fee:    **8.0** % (paid as accrued)
   (3)  Attorney's Fee (unpaid portion) **$2,110.00**
        Attorney's fees within the guidelines of this Court's General Orders will be deemed
        approved by the Court unless Objection is filed at the time of confirmation. Any additional
        fees claimed are subject to application and approval of the Court.
   (4)  Adequate protection payments of $

b.   Secured Claims shall be paid after the satisfaction of payments under paragraphs 4(a). Payments to claimants in classes 4(b) shall be paid as follows: (Please see General Provisions Secured Claimants)

      (1)      Secured claims which will not extend beyond the length of the plan. The entire balance of the following claims will be paid:
Names/collateral   Secured Claim   Monthly pmt  Int. rate  Total Payments Dates of payment

      (2)      Installments on secured claims which will be paid directly by the debtor:
            (a)      Installment payments maturing postpetition on the following claims will be paid to the claimant directly. As a result, no payments on maturing postpetition installments will be made from funds payable to Trustee.  Prepetition arrearages, if any, are satisfied under the provisions of 4(b)(2)(b). The claimant's allowed security interest and claim for amounts maturing postpetition, may be affected by the Federal Rules of Bankruptcy Procedure, any order of this court and the General Provisions of this plan.
Names/Description of collateral      Monthly payment
**1010 Helenes Way, Slidell, LA 70461, Ocwen Loan Servicing, LLC        $1,608.93/month**
**2013 Chevrolet Tahoe, Campus Federal Credit Union                     $   535.00/month**
**2012 Hyundai Sonata, USAA Federal Savings Bank                        $   275.90/month**
**2012 Mazda 6, USAA Federal Savings Bank                               $   313.46/month**
**2002 Honda Civic, USAA Federal Savings Bank                           $   144.24/month**

            (b)      Defaults to be Cured on Claims Secured by Property of the Estate:
The following amounts will be paid to fully cure any defaults existing on the petition date on the claims listed below.  On completion of the plan, any amount in addition to that set forth below and owed to cure the prepetition default of Debtor will be discharged and the Debtor will be released from any further obligation in personam or in rem with regard to the amounts necessary to cure. The amounts to cure will be secured by the collateral described below during the term of this plan. On completion of the plan, the following claims shall be deemed in good standing and current as of the petition date. The security interest of the claimant shall survive discharge but only to secure those amounts maturing after the petition date. The amounts owed and secured in favor of the claimant postpetition may be affected by the Federal Rules of Bankruptcy Procedure, any order of the court, and the General Provisions of this plan. Name/Description of collateral      Allowed Amt      Dates of payment      Int. rate Total

c.  Priority Claims under 11 U.S.C.§507. Payments to priority claimants will be made after payments to administrative claimants, paragraph 4(a) above and Secured claimants under paragraph 4(b), unless otherwise indicated:

| Name | Amount of Claim | Monthly payment | Months of Payment | Int Rate | Total Payments |
|---|---|---|---|---|---|
| **Internal Revenue Service** | **2014 income tax** | | | | **$2,356.00** |
| **Internal Revenue Service** | **2013 income tax** | | | | **$1,527.00** |

d.  Unsecured Claims. No amounts will be paid on unsecured claims until plan payments under paragraphs 4(a)-(c) are satisfied.  After payments to claimants in class 4(a)-4(c) have been satisfied, any additional monies available for distribution shall be paid, pro rata based on the individual claim included in class 4(d) divided by the total amounts owed to class 4(d). At the time of confirmation, it is estimated that claimants in this class will receive distributions equal to **$139,475.44 or 100%** of their allowed claims. Actual distributions may vary depending on changes in Debtor's disposable income over the life of the plan, the amount of allowed unsecured nonpriority claims, the amount and ranking of secured, priority and administrative claims. However, general nonpriority unsecured claims shall be paid no less than $139,475.44 in aggregate over the life of the plan.

5.        All payments to Trustee are to be made directly by **Debtor.**
          Payments to secured or priority creditors shall be made by **Debtor.**

6.        All executory contracts are rejected except the following which are assumed:
          Name   Description of Contract

7.        Property to be surrendered:   **Timeshare:  2601 Palm Aire Drive North, Pompano Beach, FL 33069.**  Wyndham Vacation Ownership, Inc., 6277 Sea Harbor Drive, Orlando, FL  32821.   See Schedule A and addendum**.**

8.        Other:  Debtor proposes to pay **four percent** interest on the claims of unsecured creditors, in lieu of paying disposable income reflected by B22C or Schedule J.

**Date:  August 27, 2015**            **Signature:  /s/ Steven O. Noyes**